IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLENE SCOTT**<br>**Plaintiff,**<br><br>**vs.**<br><br>**GREATER PHILADELPHIA HEALTH ACTION, INC., MAGGIE LYONS, BOLA ODUEKE, CHARLES PATTERSON, and JOHN DOE CORPORATIONS (1-3), JOHN DOE (1-3), and JOHN DOE ENTITIES (1-3) FICTITIOUS NAMES**<br>**Defendants.** | : | **CIVIL ACTION**<br><br><br>**NO. 08-2617** |

**ORDER & MEMORANDUM**

**O R D E R**

**AND NOW** this 5th day of September, 2008, upon consideration of Defendants' Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Document No. 6, filed July 9, 2008), and Plaintiff's Answer Opposing Defendants' Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Document No. 11, filed July 25, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendants' Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Counts III, IV, V, VII, VIII, IX, X, XI, XII and XIII of plaintiff's Complaint are **DISMISSED WITH PREJUDICE**;

2. Plaintiff's claims for punitive damages under the Pennsylvania Human Relations Act in Counts I and II are **DISMISSED WITH PREJUDICE**;

3. Plaintiff's claims against individual defendants Maggie Lyons, Bola Odueke and Charles Patterson under the Americans with Disabilities Act in Count VI are **DISMISSED WITH PREJUDICE**; and,

4. Defendants' Motion to Dismiss plaintiff's claim for attorneys' fees under the Americans with Disabilities Act in Count VI is **DENIED**.

5. Remaining for adjudication are plaintiff's claims under the Pennsylvania Human Relations Act against all defendants in Counts I and II and plaintiff's claims under the ADA against defendant Greater Philadelphia Health Action, Inc. in Count VI, as amended by this Order.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file and serve an amended complaint on or before September 25, 2008, limited to expanding her claims in Counts I, II and VI of the Complaint and adding additional claims if warranted by the evidence and not barred by the applicable statute of limitations. One copy of the amended complaint shall be served on the Court (Chambers, Room 12613) when the original is filed.

## MEMORANDUM

### I. INTRODUCTION

On April 21, 2008, plaintiff filed a thirteen-count Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, asserting claims against Greater Philadelphia Health Action, Inc. ("GPHA"), GPHA employees Maggie Lyons, Bola Odueke and Charles Patterson, and John Doe defendants. The action was removed to this Court on June 4, 2008.

In the Complaint, plaintiff asserts a number of federal and state law claims. The essence of plaintiff's claims is that defendants failed to accommodate her disabilities and discriminated against her because of her disabilities during her employment with GPHA.

Presently before the Court is Defendants' Motion to Dismiss: (1) Counts III, IV, V, VII, VIII, IX, X, XI, XII and XIII of the Complaint; (2) plaintiff's claims for punitive damages under

the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951.1, et seq.; (3) plaintiff's claims against individual defendants Maggie Lyons, Bola Odueke and Charles Patterson under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, et seq.; and (4) plaintiff's claim for attorneys' fees under the ADA.

For the reasons set forth below, Defendants' Motion to Dismiss is granted in part and denied in part. The Court dismisses Counts III, IV, V, VII, VIII, IX, X, XI, XII and XIII of the Complaint, plaintiff's claims for punitive damages under the PHRA in Counts I and II, and plaintiff's claims against individual defendants Maggie Lyons, Bola Odueke and Charles Patterson under the ADA in Count VI. The Court denies Defendants' Motion to Dismiss plaintiff's claim for attorneys' fees under the ADA in Count VI. Remaining for adjudication are plaintiff's PHRA claims against all defendants in Counts I and II and plaintiff's ADA claims against defendant GPHA in Count VI, as amended by the attached Order.

## II. BACKGROUND

Plaintiff, a disabled veteran, was hired as a counselor by GPHA on or about March of 2004.[1] (Compl. ¶¶ 3, 10.) Prior to and during her employment with GPHA, plaintiff communicated the nature of her disabilities and her need for accommodations. (Id. ¶¶ 9, 10, 15-17, 30-31, 77.) Plaintiff's disabilities included, inter alia, a permanent disability to her upper right extremity making it difficult for her to write and post-traumatic stress disorder. (Id. ¶¶ 9, 14, 17.)

[1] The facts are taken from the Complaint and are presented in the light most favorable to plaintiff.

Plaintiff alleges that GPHA failed to take appropriate action to accommodate her disabilities despite the fact that she communicated her needs to defendant Patterson, her direct supervisor. See, e.g., (id. ¶¶ 23, 30, 37-38, 44, 51, 60-61, 74.) It is plaintiff's position that GPHA put her in charge of excessively large groups of patients and patients with severe mental disturbances to the detriment of her mental health. (Id. ¶¶ 55, 67.) Plaintiff further avers that defendant Patterson reacted "increasingly antagonistic toward" her when she complained about pain resulting from her work. (Id. ¶¶ 33-34.)

Plaintiff asserts the following claims in the Complaint:

- Count I: violations of the PHRA (quid pro quo harassment) against all defendants;
- Count II: violations of the PHRA (hostile working environment harassment) against all defendants;
- Count III: breach of contract against GPHA;
- Count IV: equal protection claim under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 against all defendants;
- Count V: violations of Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 701, et seq., against all defendants;
- Count VI: violations of the ADA against all defendants;
- Count VII: violations of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), against all defendants;
- Count VIII: violations of Article I, Section 26 of the Pennsylvania Constitution against all defendants;
- Count IX: negligent infliction of emotional distress against all defendants;

- Count X: intentional infliction of emotional distress against all defendants;
- Count XI: corporate liability against GPHA;
- Count XII: negligent hiring against GPHA; and,
- Count XIII: vicarious liability (*respondeat superior*) against GPHA.

## III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Id. at 232 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). In other words, a complaint must contain "enough factual matter (taken as true) to suggest" the elements of the claims asserted. Id. at 234 (quoting Twombly, 127 S. Ct. at 1965); cf. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.") (quoted in Twombly, 127 S.Ct. at 1965).

## IV. DISCUSSION

### A. Plaintiff's Claims in Counts V, IX, X, XI, XII and XIII of the Complaint are Time-Barred

Defendants argue that plaintiff's claims in Counts V, IX, X, XI, XII and XIII of the Complaint are barred by the applicable statute of limitations.[2] Specifically, defendants state that a two-year limitations period applies to plaintiff's claims under Section 504 and plaintiff's state law tort claims for negligent infliction of emotional distress, intentional infliction of emotional distress, corporate liability, negligent hiring and vicarious liability asserted in those counts of the Complaint. It is defendants' position that plaintiff violated this limitations period because she ceased working on March 30, 2005, and did not file suit until April 21, 2008.

The Third Circuit has explained that "[w]hile the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). In this case, plaintiff's failure to comply with the applicable limitations period is clear from the face of the Complaint. Thus, the Court will address defendants' statute of limitations argument in ruling on the instant motion to dismiss pursuant to Rule 12(b)(6).

---

[2] Defendants also move for dismissal of plaintiff's equal protection claim under 42 U.S.C. § 1983 in Count IV and plaintiff's claims under the EPA in Count VII on statute of limitations grounds. Plaintiff does not oppose dismissal of those counts. Plaintiff also does not oppose dismissal of its breach of contract claim in Count III and its claims under the Pennsylvania Constitution in Count VIII. Accordingly, the Court grants Defendants' Motion to Dismiss Counts III, IV, VII and VIII of the Complaint.

Plaintiff does not dispute that the limitations period for her Section 504 and state law tort claims is two years.[3] Rather, she argues that the statute of limitations for those claims did not lapse because "of the tolling of the statute of limitations from the right to sue letter." (Pl.'s Resp. 12.) Specifically, plaintiff contends that her "state law and other claims should not be time barred simply because she wants to bring claims under the ADA and other claims and statutes." (Id. at 7.) If the Court holds otherwise, plaintiff opines, "a person would be forced to limit her claims to those listed in the right to sue letter . . . ." (Id.) The Court disagrees with plaintiff.

Plaintiff offers no authority in support of her position that her pursuit of an EEOC right-to-sue letter tolled the statute of limitations for her Section 504 and state law tort claims. The Court concludes that plaintiff's pursuit of a right-to-sue letter from the EEOC, without more, is not a basis for tolling the statute of limitations for her Section 504 and state law tort claims. Plaintiff could have brought her Section 504 and state law tort claims within two years of leaving employment and later sought leave to amend her complaint to add claims under the ADA. Plaintiff did not do so. Accordingly, her claims are now time-barred. Thus, the Court grants Defendants' Motion to Dismiss Counts V, IX, X, XI, XII and XIII of the Complaint.

**B. The PHRA Does Not Provide for Punitive Damages**

Defendants seek dismissal of those portions of plaintiff's PHRA claims in Counts I and II seeking punitive damages. Defendants are correct that the PHRA does not provide for punitive damages. See Hoy v. Angelone, 720 A.2d 745, 751 (Pa. 1998) (holding that punitive damages

---

[3] Defendants are correct that the statute of limitations for plaintiff's claims in Counts V, IX, X, XI, XII and XIII of the Complaint is two years. See 42 Pa.C.S.A. §§ 5524(2), (7) (two-year statute of limitations for negligent or "otherwise tortious conduct" under Pennsylvania law); Disabled in Action of Pa. v. SEPTA, --- F.3d ---, 2008 WL 3842937, *6-7 (3d Cir. 2008) (two-year statute of limitations in Pennsylvania for claims under Section 504).

are not available under the PHRA); Gagliardo v. Connaught Labs., Inc., 311 F.3d 565, 570 n.3 (3d Cir. 2002) (same). Thus, the Court grants Defendants' Motion to Dismiss plaintiff's claims for punitive damages under the PHRA.

**C. The ADA Does Not Provide for Individual Liability**

In Count VI of the Complaint, plaintiff asserts claims under the ADA against all defendants. Defendants seek dismissal of plaintiff's ADA claims against the individual defendants on the ground that the ADA does not provide for individual liability. The Court agrees with defendants on this issue.

"[T]he consensus view in this judicial district appears to be that there is no individual liability under the ADA." See McQuaid v. Acts Ret. Cmtys. Southampton Estates, 2005 WL 2989642, *2 (E.D. Pa. August 8, 2005) (citing McInerney v. Moyer Lumber and Hardware, Inc., 244 F. Supp. 2d 393, 398 (E.D. Pa. 2002); Douris v. Office of Pa. Attorney Gen., 2004 WL 322907, *2-3 (E.D. Pa. Feb. 19, 2004)); see also Douris v. Schweiker, 229 F. Supp. 2d 391, 397 (E.D. Pa. 2002) (citing cases). "In addition, the 'Courts of Appeals that have directly addressed the issue of individual liability under the ADA have concluded that no such liability exists.'" Id. (quoting Douris, 229 F. Supp. 2d at 397). In light of this authority, the Court concludes that there is no individual liability under the ADA and grants Defendants' Motion to Dismiss plaintiff's claims against the individual defendants Maggie Lyons, Bola Odueke and Charles Patterson under the ADA in Count VI.

**D. The Court May Award a Prevailing Party a Reasonable Attorney's Fee Under the ADA**

Defendants move for dismissal of plaintiff's attorneys' fees claim in Count VI of the Complaint on the ground that plaintiff cites the incorrect attorneys' fees statute in that count.

Although defendants are correct that the PHRA provision plaintiff cites in Count VI is inapplicable to plaintiff's ADA claim, the ADA authorizes a court to award attorneys' fees to a prevailing party. See 42 U.S.C. § 12205. Accordingly, the Court denies Defendants' Motion to Dismiss plaintiff's claim for attorneys' fees under the ADA in Count VI.

**E. Leave to File Second Amended Complaint**

In her response, "[p]laintiff prays this Honorable Court would grant her leave to amend her Complaint as it relates to the tolling of the statute of limitations for all of her viable claims." (Pl.'s Resp. 2, ¶ 9.) Plaintiff also seeks leave to amend her Complaint "[t]o the extent that Plaintiff has a viable claim for sex discrimination" based on the conduct of defendant Patterson. (Id. at 12.)

The Court has dismissed with prejudice plaintiff's claims in Counts V, IX, X, XI, XII and XIII on the ground that plaintiff's claims in those counts of the Complaint are barred by the applicable statute of limitations. Plaintiff is not granted leave to amend her Complaint with respect to those counts on the ground that any such amendment would be futile. See Forman v. Davis, 371 U.S. 178, 182 (1962) (citing "futility of amendment" as ground for denying leave to amend complaint).

Plaintiff is granted leave to file an amended complaint on or before September 25, 2008, limited to expanding her claims in Counts I, II and VI of the Complaint and adding additional claims if warranted by the evidence and not barred by the applicable statute of limitations.

**V. CONCLUSION**

For all of the foregoing reasons, the Court grants in part and denies in part Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court

dismisses Counts III, IV, V, VII, VIII, IX, X, XI, XII and XIII of the Complaint, plaintiff's claims for punitive damages under the PHRA in Counts I and II, and plaintiff's claims against individual defendants Maggie Lyons, Bola Odueke and Charles Patterson under the ADA in Count VI. The Court denies Defendants' Motion to Dismiss plaintiff's claim for attorneys' fees under the ADA in Count VI. Remaining for adjudication are plaintiff's claims under the PHRA against all defendants in Counts I and II and plaintiff's claims under the ADA against defendant GPHA in Count VI, as amended by the attached Order.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**